Filed 7/17/14  P. v. Washington CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JESSE WASHINGTON,<br><br>        Defendant and Appellant. | B255076<br><br>(Los Angeles County<br>Super. Ct. No. YA027419) |

        APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

        Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

In 1996, a jury found defendant and appellant, Jesse Washington, guilty of first degree burglary and determined he previously had suffered convictions for two serious felonies within the meaning of Penal Code section 667, subdivision (a)[1] and the Three Strikes law. The trial court sentenced Washington to 25 years to life in prison.[2] In February 2014, Washington, acting in propria persona, filed a petition in the trial court pursuant to section 1170.126 requesting the trial court to recall and reduce his sentence. The trial court denied the petition. We affirm the trial court's order.[3]

## BACKGROUND

Following a trial held in 1996, a jury found Washington guilty of first degree burglary in violation of section 459 and determined he previously had been convicted of two serious felonies within the meaning of section 667, subdivision (a) and the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On February 3, 2014, Washington, acting in propria persona, filed a petition for modification of his sentence in the 1996 case pursuant to section 1170.126, a statute enacted as a result of the 2012 passage of Proposition 36. Washington asserted he had committed no violent acts in his criminal history, which ranged from the 1980's to 1996, and his current release date of 2030 amounted to an injustice and was "unjustifiable." Washington indicated the trial court had abused its discretion by denying his petition for modification of his Three Strikes sentence imposed for his conviction of first degree residential burglary because, in committing that crime, he merely broke a window. He had not entered the house or taken any property from inside. Under these circumstances,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] In an opinion filed in a prior appeal in this matter (*People v. Washington* (Mar. 16, 1998, B104625) [nonpub. opn.]), it is indicated Washington was sentenced to 35 years to life in prison.

[3] The question whether the trial court's denial of a defendant's section 1170.126 petition is an appealable order is currently pending before the California Supreme Court. (See *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [order is appealable]; *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [order must be challenged by petition for writ].)

the burglary should be considered a "non-serious[,] non-violent" offense and he should be eligible for resentencing under the provisions of Proposition 36 as a "second striker."

In a Memorandum of Decision filed February 7, 2014, the trial court denied Washington's petition "with prejudice." The trial court stated: "[Washington's] current conviction is for first degree burglary (. . . section 459), which is a serious felony pursuant to . . . section 1192.7[, subdivision] (c)(18), making [Washington] ineligible for resentencing pursuant to . . . section 1170.126[, subdivision] (e)(2)."

Again acting in propria persona, on March 18, 2014, Washington filed a notice of appeal from the trial court's order.

## CONTENTIONS

This court appointed counsel to represent Washington on appeal. After examination of the record, counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed May 12, 2014, the clerk of this court advised Washington to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider.

On June 17, 2014, Washington filed a supplemental brief in which he asserted the facts of his case were much less incriminating than those in a matter involving a defendant by the name of Green.[4] In his original petition filed in the trial court, Washington had indicated Green actually entered a church and ate food from the refrigerator there. According to Washington, the federal court "overturned Green's conviction based on [a] theory of [the] non-seriousness of [Green's] intent when he entered the structure." Here, Washington urges he never actually entered the victim's home and there was no evidence he took any property from the residence. In addition, with regard to his prior offenses Washington indicated, although he had not committed an alleged 1992 first degree burglary, he had pled guilty to the offense because he received as a sentence "time served." Washington argues, based on these facts, this court should remand the matter to the trial court which should reverse the finding he was guilty of first

---

[4] Washington also refers to this defendant as "Taylor."

3

degree burglary and had committed a third strike and should instead sentence him as a "second striker."

Washington further contends records he has attached to his brief indicate that in 1990 he was convicted of second degree, not first degree, burglary. Although Washington may well have been convicted of second degree burglary in 1990, that does not mean he was not also found guilty of first degree burglary or another serious felony on another occasion. In particular, we note the record establishes he suffered a conviction for robbery in 1986.

In the 1996 case, a jury found, in addition to the charge before it, that Washington previously had been convicted of two first degree burglaries. Washington's statement to the contrary is not corroborated by any independent, objective evidence. (See *In re Alvernaz* (1992) 2 Cal.4th 924, 938, 945.) Accordingly, the trial court properly sentenced Washington as a Third Strike offender and denied his petition for resentencing made pursuant to section 1170.126.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

4

**DISPOSITION**

The trial court's order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.


We concur:


KLEIN, P.J.



KITCHING, J.